# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 18, 2023

| | |
|---|---|
| * * * * * * * * * * * * * <br> VANESTA MUNIZ *as parent and* <br> *natural guardian of M.M., a minor*, <br> <br> Petitioner, <br> <br> v. <br> <br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br> <br> Respondent. <br> * * * * * * * * * * * * * | UNPUBLISHED <br> <br> No. 18-994V <br> Special Master Gowen <br> <br> Attorneys' Fees and Costs |

*Bridget C. McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Madelyn Weeks*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 28, 2022, Vanessa Muniz ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 49). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$19,956.28**.

I.  **Procedural History**

On July 11, 2018, Petitioner filed a petition on behalf of her minor child, M.M., for compensation under the National Vaccine Injury Program.[2] Petition at Preamble. (ECF No. 1). Petitioner alleges that M.M. suffered febrile seizures after receiving the measles-mumps-rubella, hepatitis B, haemophilus influenza b, pneumococcal conjugate, and varicella vaccines on February

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

10, 2016. Stipulation ¶ 4. On October 28, 2022, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 56).

On July 28, 2022, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $20,266.28, representing $17,208.30 in attorneys' fees and $3,057.98 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants she did not personally incur any costs in pursuit of her claim. *Id.* Respondent filed his response on August 11, 2018, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 50). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a reasonable award of final attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following rates for the work of her counsel, Ms. Bridget McCullough: $225.00 per hour for work performed in 2018 and 2019, $250.00 per hour for work performed in 2020, $275.00 per hour for work performed in 2021, and $350.00 per hour for work performed in 2022. These rates are consistent with what Ms. McCullough has previously been awarded for her Vaccine Program work except for her proposed 2022 rate, which exceeds what she has previously been awarded. *See, e.g., Hulon v. Sec'y of Health & Human Servs.*, No. 19-1985V, 2022 WL 17979836, at *2 (Fed. Cl. Spec. Mstr. Dec. 13, 2022) (awarding Ms. McCullough $300.00 per hour for her work in 2022). Application of this rate results in a reduction of $310.00.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$16,898.30**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $3,057.98. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by Petitioner's medical expert, Dr. Maria Chen. Fees App. at 10. All of these costs are typical of Vaccine Program litigation, are reasonable in my experience, and have been supported by Petitioner with adequate documentation. Accordingly, Petitioner is awarded the full amount of costs requested.

### III. Conclusion

**Accordingly, I award a lump sum in the amount of $19,956.28, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Ms. Bridget McCullough.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>/s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).